NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0391n.06

No. 21-4192

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Sep 30, 2022
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| KIM LAURIE, et al., | ) | |
| Plaintiffs-Appellants, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE NORTHERN DISTRICT OF |
| | ) | OHIO |
| CHARLES WALDER, | ) | |
| Defendant-Appellee. | ) | OPINION |
| | ) | |

Before: BATCHELDER, GRIFFIN, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge. In June 2019, Geauga County Auditor Charles Walder accused Geauga County court employees Kim Laurie and Seth Miller of removing documents from his office without permission. A special prosecutor eventually investigated the allegation and charged Laurie and Miller with criminal mischief. Laurie and Miller ("plaintiffs") later brought this suit, claiming on various grounds that Walder fomented the prosecution. The district court granted Walder's motion for judgment on the pleadings. We affirm.

Apparently this lawsuit arose from a year-long feud between Walder and the plaintiffs. Laurie and Miller first sued Walder in October 2019, bringing retaliation and defamation claims. In May 2020, the special prosecutor charged Laurie and Miller with one count of criminal mischief. The pair then voluntarily dismissed that suit and filed this one, adding a retaliatory-prosecution claim and malicious-prosecution claim, among others.

In this appeal, plaintiffs challenge only the district court's dismissal of one those claims, namely their retaliatory-prosecution claim. We review that dismissal de novo. *Albrecht v. Treon*,

617 F.3d 890, 893 (6th Cir. 2010).  We can affirm on any basis supported by the record.  *See Boler v. Earley*, 865 F.3d 391, 414 (6th Cir. 2017).

Plaintiffs principally argue that the district court failed to address their retaliatory-prosecution claim in its order granting Walder's motion.  Suffice it to say that we disagree.  *See* Order at 5, 9.  And on the merits we think that the plaintiffs did not plausibly plead that Walder orchestrated their prosecution in retaliation for the filing of their first lawsuit.  *See generally Gillis v. Miller*, 845 F.3d 677, 683 (6th Cir. 2017).  Their allegations, rather, boil down to little more than chronology: that the prosecution came after the suit.  That is not enough to state this kind of claim.  *See Montell v. Diversified Clinical Services, Inc.*, 757 F.3d 497, 507 (6th Cir. 2014).  The record therefore supports the district court's dismissal of the plaintiffs' complaint.

The district court's judgment is affirmed.